UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH VIGLIONE,<br>    Plaintiff | )<br>)<br>) |
| v. | )    C.A. No. 1:21-cv-11818 |
| NEWBURYPORT.COM, INC.,<br>    Defendant | )<br>)<br>) |

COMPLAINT AND JURY DEMAND

PARTIES

1. Plaintiff Keith Viglione ("Viglione") is an individual residing in Newburyport, Massachusetts.

2. Defendant Newburyport.com, Inc. ("Newburyport.com") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Newburyport, Massachusetts. Newburyport.com operates an interactive website at www.newburyport.com, which provides news and information of potential interest to area residents, hosts advertisements, and hosts a blog which includes photographs and captions.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 and 1338 because this case arises under the Federal Copyright Act, 17 U.S.C. §101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Viglione's cause of action arose and Viglione is being injured in this judicial district, and because Defendant is doing business in this judicial district and targeting Massachusetts customers.

## FACTS

A. <u>The Plaintiff, His Photography Business and Copyright Registrations.</u>

5. Since at least as early as 2014, Viglione has been a professional photographer. While Viglione has photographed thousands of subjects, his particular focus is on photographing iconic Massachusetts images. These iconic images include, without limitation, the following:

a. The Prudential Tower in Boston lit up with the words "GO SOX" in connection with the Boston Red Sox 2018 World Series victory. This image was taken by Viglione on October 23, 2018.

b. Sunrise at low tide on Plum Island. This image was taken by Viglione on September 10, 2018.

c. Fireworks over Newburyport Harbor. This image was taken by Viglione on August 5, 2017.

d. The Prudential Tower in Boston lit up with the words "GO PATS" in connection with the New England Patriots appearance in the 2017 Super Bowl. This image was taken by Viglione on February 5, 2017.

e. Another image of the Prudential Tower in Boston lit up with the words "GO PATS" in connection with the New England Patriots appearance in the 2019 Super Bowl. This image was taken by Viglione on February 2, 2019.

f. An image of a sunrise over Plum Island. This image was taken by Viglione on May 14, 2018.

6. Although Viglione publicly displays his works at his website, social media platforms, and elsewhere, Viglione takes significant steps to protect his rights in his original works. Viglione has registered copyrights for virtually all of his photographs with the United States

2

Copyright Office, including each of the images identified in paragraph 5. The copyright registration certificates for Viglione's works identified in paragraph 5 are attached to this complaint as Exhibits A-D.

7. Further, on many of his works, including the images identified in paragraph 5, Viglione places his unique watermark as well as his business name: 617 IMAGES.

8. Additionally, Viglione vigorously protects his intellectual property rights by entering into voluntary licensing agreements with those seeking to use his copyrighted works, and by pursuing infringements of his works.

9. In short, Viglione has developed significant goodwill and value in his works, which are well-known and sought after throughout the region.

B. <u>The Defendant's Infringing Activities and Refusal to Pay a Licensing Fee</u>.

10. In February of 2019, Viglione learned that the Defendant was hosting a blog at its www.newburyport.com website where it displayed without authorization reproductions of the six Viglione works identified in paragraph 5. Images of the infringing reproductions of the Viglione works are attached hereto as Exhibits E-J.

11. As a result, on February 7, 2019 Viglione sent an email to the Defendant requesting that the Defendant remove the infringing images and pay Viglione a licensing fee for the unauthorized uses of his works.

12. After not receiving a response from Defendant, Viglione called and spoke with Robert Bentley, Defendant's president, on February 25, 2019. While Defendant removed the infringing images sometime thereafter, Mr. Bentley refused to discuss a reasonable licensing fee with Mr. Viglione but instead falsely accused Mr. Viglione of "threatening" him.

13. On March 11, 2019, undersigned counsel sent an email to Mr. Bentley on Viglione's

behalf again requesting that Defendant pay a reasonable licensing fee. Mr. Bentley eventually advised that he would not pay anything to Viglione.

14. Upon information and belief, Defendant copied the copyrighted works from Viglione's website or social media platforms in order to create the infringing works.

15. Upon information and belief, Defendant created the infringing works to use for its own commercial purposes.

16. Defendant was never authorized to use Viglione's copyrighted works.

COUNT I
COPYRIGHT INFRINGEMENT
<u>17 U.S.C. § 501</u>

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of the complaint.

18. Viglione is the owner of the exclusive copyright in his six works identified in paragraph 5 above.

19. The Register of Copyrights issued certificates of registration for those six works, and the certificates of registration are attached hereto as Exhibits A-D.

20. Defendant copied Viglione's copyrighted works and created the infringing works without authorization.

21. Defendant displayed the infringing works for its own commercial purpose.

22. Defendant's infringement of Viglione's copyrighted works caused harm to Viglione.

WHEREFORE, Plaintiff Keith Viglione prays that this Court:

1. Enter judgment in favor of Plaintiff on his copyright infringement claim;

2. Award Plaintiff actual damages pursuant to 17 U.S.C. § 504 in an amount to be

determined at trial;

3. Award Plaintiff statutory damages pursuant to 17 U.S.C. § 504 of up to $150,000 per infringement;

4. Award Plaintiff attorneys fees and costs pursuant to 17 U.S.C. § 505;

5. Award Plaintiff interest on judgment as provided for by law; and

6. Award such further relief as the Court deems just and appropriate.

Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

KEITH VIGLIONE,
By his attorney,

/s/ Thomas E. Kenney
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com